| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/ |
| | )SS: | SUPERIOR COURT |
| COUNTY OF LAKE | ) | |
| | | |
| LARRY DAVENPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO._____ |
| | ) | |
| AMMAR ALHAJ, MELISSA J. | ) | |
| HUISA, NAVAJO EXPRESS INC., | ) | |
| MATTHEW N. SCHAFER, and | ) | |
| ACUITY, a MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

### COUNT ONE

Comes now plaintiff, Larry Davenport, by counsel Thomas A. Clements, and for his claim against defendants Ammar Alhaj, Melissa J. Huisa, Navajo Express Inc., and Matthew N. Schafer, states as follows:

1. On March 24, 2019, at approximately 3:05 AM., the plaintiff Larry Davenport was driving a semi-tractor trailer westbound on Interstate 80, near the 14.2 mile marker, in Lake Station, Lake County, Indiana.

2. At said time and place, the defendant Ammar Alhaj, was driving an automobile, also westbound on Interstate 80, when he negligently and/or recklessly lost control of his vehicle, driving into the adjacent westbound lane

of travel, thereby causing a collision between the Allaj vehicle and a semi-truck driven by the defendant Melissa Huisa, and owned by the defendant Navajo Express Inc.

3. The negligent conduct of the defendant Ammar Alhaj includes, but is not limited to, failing to drive within his lane of travel, crossing his lane of travel and colliding with the semi-tractor driven by the defendant Melissa Huisa, failing to properly control his vehicle, failing to keep a proper lookout for traffic, and driving at a speed too fast for the existing highway conditions.

4. That at said time and place, the semi-tractor driven by the defendant Melissa Huisa left its proper lane of travel and collided with the passenger side of the automobile driven by the defendant Ammar Alhaj, thereby causing the Alhaj automobile to become stopped in the left hand lane of travel, blocking the roadway.

5. That at all times relevant hereto the defendant Melissa Huisa was an agent or employee of the defendant Navajo Express Inc., driving under its authority, and was acting in the course and scope of her employment and/or agency with said defendant so as to make the defendant Navajo Express Inc. responsible for the negligent and or reckless conduct of its employee and/or agent, the defendant Melissa Huisa.

6. The negligent conduct of the defendant Melissa Huisa, for which the defendant Navajo Express Inc. is in addition responsible, includes but is not limited to, failing to properly drive within her lane of travel, crossing her lane of travel to collide with the side of the Alhaj automobile, failing to keep a proper lookout for traffic, and driving at a speed too fast for the existing highway conditions.

7. That the crash between the Alhaj automobile and the semi-tractor driven by the defendant Melissa Huisa caused the Alhaj automobile to become stopped or stalled in the left lane of travel, blocking the lane of travel.

8. That at said time and place, the defendant Matthew N. Schafer was also driving westbound on Interstate 80 when he negligently and or recklessly failed to properly control his vehicle and collided with the rear of the Alhaj automobile, and in turn the Schafer vehicle became stopped or stalled blocking the middle lane of travel on Interstate 80.

9. The negligent conduct of the defendant Matthew N. Schafer includes but his not limited to, failing to properly control his vehicle, failing to keep a proper lookout for traffic, driving at a speed too fast for the existing highway conditions, and driving under the influence of alcohol.

10. That at said time and place, the plaintiff Larry Davenport was driving a semi-tractor trailer westbound on Interstate 80, when the Schafer

vehicle suddenly stalled or stopped in the middle lane of travel in front of Davenport, thereby blocking the roadway. The plaintiff Larry Davenport was then unable to avoid striking the Schafer vehicle which was blocking the lane of travel in front of Davenport, and a collision then occurred.

11. That as a direct and proximate result of the negligent and or reckless conduct of the defendants, Ammar Alhaj, Melissa Huisa, Navajo Express Inc., and Matthew N. Schafer, the plaintiff Larry Davenport suffered injuries, some of which are permanent, endured physical and mental pain, incurred expenses for the diagnosis, care and treatment of his injuries, has sustained a loss of earnings and of future earning ability, and has been deprived of the ability to enjoy his normal activities.

WHEREFORE, Plaintiffs demand judgment against defendants Ammar Alhaj, Melissa Huisa, Navajo Express Inc., and Matthew N. Schafer, and each of them, and requests the following relief:

1. For an award of reasonable compensatory damages;

2. For the costs of this action; and

3. For all other just and proper relief.

## COUNT TWO

Come now Plaintiff, Larry Davenport, by counsel Thomas A. Clements, and for his claim against defendant, Acuity, a Mutual Insurance Company, (hereafter Acuity), and states as follows:

1. Plaintiff repeats and realleges the allegations of Count One of the Complaint, above.

2. That at all times relevant hereto, the defendant Ammar Alhaj was an uninsured and/or underinsured motorist as defined by Indiana law.

3. That at all times relevant hereto, the defendant Melissa J. Huisa, and defendant Navajo Express Inc., were uninsured and/or underinsured motorists as defined by Indiana law.

4. That at all times relevant hereto the defendant Matthew N. Schafer was an uninsured and/or underinsured motorist as defined by Indiana law.

5. That at all times relevant hereto, the plaintiff Larry Davenport was insured under one or more policies of insurance with Defendant Acuity and had uninsured and underinsured motorist coverage in an amount of $1,000,000.00. Plaintiff is unable to attach a copy of said policy as same has yet to be received from the carrier, Acuity.

6. The uninsured and underinsured motorist coverage issued by Defendant Acuity provides that Acuity must pay all damages incurred by the

plaintiff in this action due to the negligent conduct of the uninsured and/or underinsured defendants Ammar Alhaj, Melissa J. Huisa, Navajo Express Inc., and Matthew M. Schafer, or which are excess of the liability insurance coverage of said defendants.

7. The defendant insurer, Acuity, has breached its contract and negligently failed and refused to negotiate in good faith and pay its uninsured and underinsured policy limits as required under its policy of insurance.

WHEREFORE, Plaintiff demands judgment against Defendant Acuity, and requests the following relief:

1. For an award of reasonable compensatory damages;
2. For the costs of this action;
3. For all other just and proper relief.

By: /s/ Thomas A. Clements

Thomas A. Clements #3262-45

Thomas A. Clements
Attorney at Law
500 East 86th Ave.
Merrillville, IN 46410
(219) 736-0600

## JURY DEMAND

Plaintiff, by counsel, demands trial by jury.

                                                By: /s/ Thomas A. Clements
                                                    Thomas A. Clements  #3262-45

Thomas A. Clements
Attorney for Plaintiffs
500 East 86th Ave.
Merrillville, IN  46410
(219) 736-0600